IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHONDELL KILLEBREW,

                  Plaintiff,

  v.

HANS KUSTER and TIM IKERT,

                  Defendants.

ORDER

15-cv-52-jdp

---

      Plaintiff Shondell Killebrew, a Milwaukee resident formerly incarcerated at the Oshkosh Correctional Institution, brings claims that he was forced to spend a month in a cold segregation cell. Now before the court are several motions by the parties.

      While plaintiff was still incarcerated, he filed a motion for a court order directing the state to extend his legal loan. This question has been mooted by plaintiff's release, but even if plaintiff were still incarcerated, there would be no reason to grant his request. It is generally this court's policy to not interfere with the state's legal loan program. In an extreme circumstance, the court might intervene to ensure that an incarcerated plaintiff has adequate postage and writing materials to access the court. But based on the various materials plaintiff has filed in this case, including copies of his discovery requests, there is no question that plaintiff has had sufficient resources to litigate this case.

      Each side has filed a motion for summary judgment. Dkt. 32 and 34. Rather than respond to defendants' motion, plaintiff filed a motion to dismiss the case "due to financial limitation and invoking a strike." Dkt. 48.

      It is up to plaintiff to decide whether his financial situation out of prison is such that he does not want to continue litigating this case. By his reference to a "strike," I take plaintiff

to mean that he does not want to risk incurring a strike under 28 U.S.C. § 1915(g) by seeing the case dismissed for being "frivolous, malicious, or [for] fail[ure] to state a claim upon which relief may be granted." At this point, the only way I would assess plaintiff a strike would be the rare circumstance in which the proceedings made clear that plaintiff's case was plainly frivolous or malicious. But it is up to plaintiff to decide whether he wishes to continue with this lawsuit, with one important caveat.

When a motion for voluntary dismissal is filed after a defendant has filed an answer, Rule 41(a)(2) provides that the action may be dismissed by the plaintiff "only by court order, on terms that the court considers proper." Because defendants have been required to defend this action, I will grant plaintiff's motion for voluntary dismissal only on the condition that the dismissal is "with prejudice," which means that plaintiff will be barred from bringing the claim in his current case in any future action, unless defendants agree to a dismissal without prejudice. If defendants do not agree to a dismissal without prejudice, plaintiff will have an opportunity to withdraw his motion.

ORDER

IT IS ORDERED that:

1. Plaintiff Shondell Killebrew's motion for extension of legal loan, Dkt. 21, is DENIED.

2. Defendants may have until August 19, 2016, in which to advise plaintiff and the court whether they agree to dismissal of this action without prejudice. If defendants agree to such a dismissal, then the clerk of court is directed to close this case. If defendants do not agree to such a dismissal, then plaintiff may have until September 2, 2016, in which to withdraw his motion for voluntary dismissal or to advise the court that he has no objection to a dismissal with prejudice. If, by September 2, 2016, plaintiff fails to respond to this order, the court will direct the clerk to enter judgment dismissing this case with prejudice.

Entered August 5, 2016.

                                BY THE COURT:

                                /s/

                                _____
                                JAMES D. PETERSON
                                District Judge